NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THERON AYCH,

          Plaintiff - Appellant,

  v.

UNIVERSITY OF ARIZONA; ARIZONA
BOARD OF REGENTS; NATIONAL
COLLEGIATE ATHLETIC
ASSOCIATION; UNIVERSITY OF
CALIFORNIA, LOS ANGELES; PAC-12
CONFERENCE; DAVE HEEKE,
individually; JEDD FISCH, individually;
JIMMIE DOUGHERTY, individually;
DOES 1-10, inclusive,

          Defendants - Appellees,

and

REGENTS OF THE UNIVERSITY OF
CALIFORNIA, a California Corporation,

          Defendant.

No. 24-4710

D.C. No.
2:23-cv-07282-ODW-MAR

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

---

      *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted June 6, 2025[]
Pasadena, California

Before: HURWITZ, MILLER, and SUNG, Circuit Judges.

Theron Aych appeals the dismissal of his complaint against the University of Arizona ("UA"), the Arizona Board of Regents ("ABOR"), Dave Heeke, Jedd Fisch, and James Dougherty ("the Individual Defendants") (collectively "the Arizona Defendants"), and the National Collegiate Athletic Association ("NCAA"). He contends that the district court erred in (1) dismissing the complaint based on a lack of personal jurisdiction over the NCAA and the Individual Defendants, (2) denying him jurisdictional discovery with respect to his claims against the Individual Defendants, and (3) denying him leave to amend to seek injunctive and declaratory relief against state officials representing ABOR.

We review the dismissal of a complaint for lack of personal jurisdiction de novo. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1067 (9th Cir. 2017). We review denials of jurisdictional discovery and leave to amend for abuse of discretion. *See LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 858 (9th Cir. 2022) (jurisdictional discovery); *Tiedemann v. von Blanckensee*, 72 F.4th 1001, 1007 (9th Cir. 2023) (leave to amend). Exercising jurisdiction under 28 U.S.C.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291, we affirm.

1. Aych concedes that the district court lacks general personal jurisdiction over the NCAA. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (describing general personal jurisdiction). The district court also lacks specific personal jurisdiction over the NCAA because Aych has not shown that his claim "arises out of or relates to the defendant's forum-related activities." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

Aych's claim against the NCAA arises out of that organization's purported failure to regulate member institutions' conduct. However, any 42 U.S.C. § 1981 claim "must initially identify an impaired contractual relationship under which the plaintiff has rights." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) (cleaned up). Aych's complaint does not cite any action the NCAA took in California impairing a contractual relationship under which he had rights, and "[w]hen there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 264 (2017).

Aych does not specifically dispute the district court's conclusion that it lacked personal jurisdiction over the Individual Defendants because his claims do not arise out of their forum-directed activities. *See Schwarzenegger*, 374 F.3d at 801–02. Rather, he argues the venue and process provisions in the Racketeer Influenced and

Corrupt Organizations Act ("RICO") confer personal jurisdiction. *See* 18 U.S.C. §§ 1965(a), (b). But for personal jurisdiction to be established under RICO, "the court must have personal jurisdiction over at least one of the participants in the alleged multidistrict conspiracy and the plaintiff must show that there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators." *Butcher's Union Local No. 498, United Food & Comm. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986). Because the District of Arizona apparently has personal jurisdiction over all Individual Defendants, Aych has not established personal jurisdiction through this route.[1]

2. Aych also argues that the district court should have allowed jurisdictional discovery into whether the Individual Defendants participated in a conspiracy occurring in California. A "district court's refusal to provide such

---

[1] Aych also contends that the general venue provision in 28 U.S.C. § 1391(b)(2) confers personal jurisdiction. However, unlike the RICO provision—which deals with both venue and service of process, *see* 18 U.S.C. §§ 1965(a), (b)—§ 1391(b)(2) deals solely with venue. The Supreme Court has distinguished between venue and service of process, tying personal jurisdiction only to the latter. *See BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 408–09 (2017) ("Congress generally uses the expression, where suit 'may be brought,' to indicate the federal districts in which venue is proper. . . . In contrast, Congress' typical mode of providing for the exercise of personal jurisdiction has been to authorize service of process."); *Butcher's Union Local No. 498*, 788 F.2d at 538 ("In section 1965(b), Congress provided for service of process upon RICO defendants residing outside the federal court's district."); 28 U.S.C. § 1391(b)(2) ("A civil action *may be brought* in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.") (emphasis added).

discovery will not be reversed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (cleaned up). Aych's proposed discovery would not address the defect here; namely, that the District of Arizona apparently has personal jurisdiction over all Individual Defendants. The district court therefore did not abuse its discretion in denying jurisdictional discovery. *See Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977) ("[A] refusal [to grant discovery] is not an abuse of discretion when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction.").

3.    Aych concedes that UA is a non-jural entity not subject to suit in its own name, and that ABOR is entitled to sovereign immunity. However, he argues the district court should have allowed leave to amend to seek injunctive and declaratory relief against ABOR officials under the rule articulated in *Ex parte Young*, 209 U.S. 123 (1908). *See Hutto v. Finney*, 437 U.S. 678, 690 (1978) (recognizing that *Ex parte Young* established that "although prohibited from giving orders directly to a State, federal courts could enjoin state officials in their official capacities").

But Aych never indicated an intention to seek injunctive relief under *Ex parte Young* below. Rather he requested leave to amend for the vague purpose of

"address[ing] any Eleventh Amendment issues." When expanding upon this request, he only stated that he "intends to *remove* parties from causes of action where Eleventh Immunity may apply." (emphasis added). Moreover, after the Arizona Defendants asserted sovereign immunity, the district court reminded Aych that he could file an amended pleading, and he did not do so. Nor has Aych articulated what remedies he might seek. Therefore, the district court did not abuse its discretion by denying leave to amend. *See Barke v. Banks*, 25 F.4th 714, 721 (9th Cir. 2022) (per curiam) (finding no abuse of discretion in denying leave to amend where Plaintiffs had a chance before the district court and on appeal to state what information they would add to their complaint and did not do so).

**AFFIRMED.**